IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In re:

TROY N. VALLEAU and                                    OPINION and ORDER
TRUDY K. VALLEAU,
                                                       08-cv-719-bbc
                          Debtors.

- - - - - - - - - - - - - - - - - - - - -

DYNAMIC HOMES, LLC,

                          Appellant,

             v.

TROY VALLEAU,

                          Appellee.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

        Plaintiff-appellant Dynamic Homes, LLC moves the court pursuant to 28 U.S.C. §

158(a) and Bankruptcy Rule 8003 for leave to appeal an interlocutory order of the

bankruptcy court denying appellant's motion for summary judgment in its adversary

proceeding against appellee Troy Valleau.  I conclude that an interlocutory appeal is

inappropriate because (1) the appeal would not involve a pure question of law capable of

1

being decided without studying the record; and (2) appellant fails to show that the appeal would materially hasten the ultimate resolution of the litigation.  Therefore I will deny appellant's motion.

On September 5, 2008, appellant moved for summary judgment in its adversary proceeding against appellee, asserting that the debt appellee owed to appellant is nondischargeable under either 11 U.S.C. § 523(a)(4) (fraud or defalcation in a fiduciary capacity) or 11 U.S.C. § 523(a)(6) (willful and malicious injury to another or the property of another).  In arguing that the debt is nondischargeable, appellant asserted that it had previously obtained a default judgment in state court for the debt, and that the state court had found that appellee had violated Wis. Stat. § 799.02(5), Wisconsin's "theft by contractor" statute.  The state court decision contained further findings to the effect that appellee had "defraud[ed] [appellant]" and that appellee's violation of the theft by contractor statute "constitute[d] a fraud upon [appellant]."  It is appellant's position that these findings mandate a declaration of nondischargeability under 11 U.S.C. § 523(a)(4) or (6).  However, on November 14, 2008, the bankruptcy court denied appellant's motion for summary judgment, stating that "in this case the judgment only concludes that the debtor violated the statute.  Violation of the theft by contractor statute is premised upon a failure to remit funds, not a finding of intent."  The court concluded that an evidentiary hearing should be conducted on appellant's claims.  Appellant now seeks leave to appeal that

2

interlocutory order.

Under 28 U.S.C. § 158(a), a district court has discretion to hear appeals of the bankruptcy court's interlocutory orders.  In re Jartran, Inc., 886 F.2d 859, 866 (7th Cir. 1989) (citing In re Am. Reserve Corp., 840 F.2d 487, 494 (7th Cir. 1988)).  However, in general, interlocutory appeals are looked upon with disfavor as tending to promote delay and inefficiency.  Herdrich v. Pegram, 154 F.3d 362, 367-368 (7th Cir. 1998), rev'd on other grounds, Pegram v. Herdrich, 530 U.S. 211 (2000).  More often than not the bankruptcy court is correct in its determination; even if it is not, the issue for which immediate appeal is sought may be mooted by subsequent proceedings.  In other words, before a district court will hear an interlocutory appeal, it must be clear that doing so will materially improve efficiency.

Neither § 158 nor the Federal Rules of Bankruptcy Procedure discuss the standards by which a district court is to determine whether to grant leave to appeal from an interlocutory order.  District courts generally look to the analogous statute governing interlocutory appeals from district to circuit courts, 28 U.S.C. § 1292(b), which requires that (1) the appeal concerns a controlling question of law as to which a significant difference of opinion exists; and (2) the possibility exists that immediate appeal might materially hasten the ultimate resolution of the litigation.  In this case, neither of these criteria is met.

As an initial matter I must clarify appellant's position.  Appellant argues that the

3

bankruptcy court misapplied the concept of res judicata (also known as claim preclusion) in its summary judgment order.  This argument does not advance its claim because res judicata does not apply to bankruptcy courts in their determinations of nondischargeability.  <u>Brown v. Felsen</u>, 442 U.S. 127, 138-39 (1979).  However, a related doctrine, collateral estoppel (also called issue preclusion), can apply to determinations of nondischargeability.  <u>Grogan v. Garner</u>, 498 U.S. 279, 284-85 (1991).  Nonetheless, even assuming that collateral estoppel is what appellant really seeks, it fails to show that the question is a "question of law" appropriate for interlocutory appeal under the principles of § 1292(b).

The Court of Appeals for the Seventh Circuit has noted that § 1292(b) "was not intended to make denials of summary judgment routinely appealable."  <u>Ahrenholz v. Bd. of Trustees of the Univ. of Illinois</u>, 219 F.3d 674, 676 (7th Cir. 2000).  In <u>Ahrenholz</u>, the court explained what types of questions are appropriate for interlocutory appeals:

> We think "question of law" as used in section 1292(b) has reference to a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine rather than to whether the party opposing summary judgment had raised a genuine issue of material fact. . . . We also think . . . that the question of the meaning of a contract, though technically a question of law when there is no other evidence but the written contract itself, is not what the framers of section 1292(b) had in mind either.  We think they used "question of law" in much the same way a lay person might, as referring to a "pure" question of law rather than merely to an issue that might be free from a factual contest.  The idea was that if a case turned on a pure question of law, something the court of appeals could decide quickly and cleanly without having to study the record, the court should be enabled to do so without having to wait till the end of the case. . . . But to decide whether summary judgment was properly granted requires hunting through the record compiled in the

4

> summary judgment proceeding to see whether there may be a genuine issue of
> material fact lurking there; and to decide a question of contract interpretation may
> require immersion in what may be a long, detailed, and obscure contract . . .

Ahrenholz, 219 F.3d at 676-77 (citations omitted).  The present case does not involve a

"pure" question of law.  Rather, it requires the reviewing court to decide whether the

bankruptcy court acted properly when it decided not to apply the doctrine of collateral

estoppel to the Wisconsin court's findings regarding appellee's fraud.

In Wisconsin courts, collateral estoppel is a two-step analysis.  The first step is to

determine whether a litigant against whom collateral estoppel is asserted is in privity with

a nonparty or has sufficient identity of interests to comport with due process.  Paige K.B. v.

Steven G.B., 226 Wis. 2d 210, 224, 594 N.W.2d 370, 377 (1999).  The next step is

determining whether application of collateral estoppel comports with principles of

fundamental fairness.  Id. at 225, 594 N.W.2d at 377.  The factors that courts may consider

when undertaking the second step are:

> (1) could the party against whom [collateral estoppel] is sought, as a matter of law,
> have obtained review of the judgment; (2) is the question one of law that involves two
> distinct claims or intervening contextual shifts in the law; (3) do significant
> differences in the quality or extensiveness of proceedings between the two courts
> warrant relitigation of the issue; (4) have the burdens of persuasion shifted such that
> the party seeking [collateral estoppel] had a lower burden of persuasion in the first
> trial than in the second; or (5) are matters of public policy and individual
> circumstances involved that would render the application of collateral estoppel to be
> fundamentally unfair, including inadequate opportunity or incentive to obtain a full
> and fair adjudication in the initial action?

5

<u>Michelle T. v. Crozier</u>, 173 Wis. 2d 681, 689, 495 N.W.2d 327, 330-31 (1993) (footnote omitted).

It is this second step that makes it clear that an interlocutory appeal is inappropriate in the present case.  The key question is whether the Wisconsin court's findings should be used to preclude any further litigation of the issue of appellee's intent.  Although the bankruptcy court did not explain why it ignored those findings in its summary judgment order, it appears that it chose not to give preclusive effect to those findings because the ultimate issue at stake in the Wisconsin proceedings was whether appellee violated the theft by contractor statute, a statute that does not require a showing of fraudulent intent.  If this court were to grant appellant's leave for an interlocutory appeal, it would have to immerse itself in the record of the Wisconsin proceedings in an effort to determine whether it would be fundamentally fair to apply collateral estoppel.  This would include (1) ascertaining whether appellee had an adequate opportunity to litigate the issue of fraud even though it may not have been necessary to do so for the theft by contractor claim; and (2) considering whether differences in the quality or extensiveness of proceedings between the Wisconsin court and the bankruptcy court warrant relitigation of the issue.  This process would not involve a "pure question of law, something the [district court] could decide quickly and cleanly without having to study the record." <u>Ahrenholz</u>, 219 F.3d at 677.  Rather, it would be similar to examining the record of a summary judgment proceeding to see whether there

6

is a genuine issue of fact or immersing the court in a long and detailed contract, both situations in which an interlocutory appeal is not appropriate.

Moreover, appellant fails to show that this appeal would hasten the ultimate resolution of the litigation. Appellant does not argue that the bankruptcy court's evidentiary hearing on appellee's alleged fraud will be particularly time-consuming or complex. It is likely that holding the evidentiary hearing will resolve the dischargeability issue quicker and more efficiently than conducting the interlocutory appeal in this court followed by a possible appeal to the court of appeals. Therefore I will deny appellant's motion for leave to appeal the interlocutory order of the bankruptcy court.

ORDER

IT IS ORDERED that:

1. Appellant Dynamic Homes, LLC's motion for leave to appeal the interlocutory order of the bankruptcy court is DENIED.

2. The case is remanded to the bankruptcy court for further proceedings.

Entered this 27th day of January, 2009.

BY THE COURT:

/s/

_____

BARBARA B. CRABB
District Judge